UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERTO RAMON SANCHEZ-BAUTISTA,

                Petitioner,

    v.

LOWELL CLARK, et al.,

               Respondents.

NO. C14-1324-JLR-JPD

REPORT AND RECOMMENDATION

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Alberto Ramon Sanchez-Bautista, a native and citizen of Mexico, has been detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center since May 1, 2014, under a reinstated order of removal. *See* Dkt. 10-1. An asylum officer found petitioner had a reasonable fear of return to Mexico and referred him to an Immigration Judge ("IJ") for withholding-only proceedings, which remain pending. *Id.* During his detention, he has not received an individualized bond hearing before an IJ. *See* Dkt. 1.

Proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking such a bond hearing. Dkt. 1. Respondents have moved to dismiss,

REPORT AND RECOMMENDATION - 1

arguing that petitioner's habeas petition should be denied because his detention is statutorily authorized and he is not entitled to a bond hearing. Dkt. 10. Petitioner did not respond.

For the reasons discussed below, the Court recommends that petitioner's habeas petition be granted and respondents' motion to dismiss be denied. Due to his prolonged detention, petitioner is entitled to an individualized bond hearing before an IJ pursuant to *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011).

## BACKGROUND

Petitioner first came to the United States, without inspection, on an unknown date prior to February 2008. *See* Dkt. 10-1. In February 2008, he was removed from the United States pursuant to an order of removal entered by an IJ in Tacoma, Washington. *Id.* Over the next several years, petitioner reentered the United States illegally and was removed 11 more times. *Id.*

On April 21, 2014, ICE agents encountered petitioner in the Grant County Jail. *Id.* On May 1, 2014, petitioner was released from the Grant County Jail to ICE custody and served with a Notice of Intent/Decision to Reinstate a Prior Order of removal. *Id.* Petitioner asserted a fear of return to Mexico. *Id.* After interviewing petitioner, an asylum officer found this fear to be reasonable and referred him for withholding-only proceedings. *Id.* Those proceedings are ongoing. *Id.*

During petitioner's detention, he has not been afforded a bond hearing. *See generally* Dkt. 1. Consequently, petitioner filed the instant habeas petition, seeking such a hearing. *See id.*

## DISCUSSION

To resolve this matter, the Court must determine (1) whether the statutory authority for petitioner's detention is found in 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a), and (2) whether he is entitled to a bond hearing under the proper authorizing statute. The Court is guided by the

REPORT AND RECOMMENDATION - 2

Honorable James L. Robart's recent decision in a factually analogous case, *Giron-Castro v. Asher*, No. C14-867-JLR, Dkt. 22 (W.D. Wash. Oct. 2, 2014) (adopting Report and Recommendation of the Honorable James P. Donohue).

### 1. *Statutory basis for petitioner's detention*

"Where an alien falls within th[e] statutory scheme [governing immigration detention] can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(a) provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond. 8 U.S.C. § 1226(a). Section 1231 governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). Pursuant to § 1231(a), the Attorney General is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Following the expiration of the removal period, the Attorney General has the discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6).

The statutory basis for an alien's detention shifts from § 1226(a) to § 1231(a) once the removal period has been triggered. In this case, the determination of whether that shift has

1  occurred turns on whether petitioner's reinstated order of removal is administratively final.[1]

2  There is a split in the Western District of Washington regarding whether a reinstated order of

3  removal is administratively final at the time it is reinstated or after the conclusion of

4  withholding-only proceedings. *Compare Giron-Castro*, No. C14-867-JLR, Dkt. 22 (reinstated

5  removal order is administratively final when it is reinstated, despite pending withholding-only

6  proceedings), *with Mendoza v. Asher*, No. C14-811-JCC, Dkt. 14 (W.D. Wash. Sept. 16, 2014)

7  (reinstated removal order not administratively final while withholding-only proceedings are

8  pending).[2]  Respondents argue petitioner's reinstated removal order was administratively final as

9  soon as it was reinstated. Judge Robart has previously considered the issue and agreed. *See*

10 *Giron-Castro*, No. C14-867-JLR, Dkt. 22. Accordingly, petitioner's detention is authorized by §

11 1231(a). *See id.*

12      2.     *Petitioner is entitled to a bond hearing*

13 Petitioner has been detained for more than 90 days, and thus his detention falls under §

14 1231(a)(6), which entitles the government to detain aliens beyond the 90-day removal period, or

15 release them on supervision. In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6)

16 implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's

17 removal from the United States, and does not permit "indefinite" detention. 533 U.S. 678, 701

18 (2001). Under *Zadvydas*, "[a]n alien is entitled to habeas relief after a presumptively reasonable

19 six-month period of detention under § 1231(a)(6) only upon demonstration that the detention is

20 'indefinite'—i.e., that there is 'good reason to believe that there is no significant likelihood of

---

[1] Neither of the other triggers for the removal period applies here. *See* 8 U.S.C. § 1231(a)(1)(B).

[2] The same issue is currently before the Honorable Robert S. Lasnik, *see Cerna-Anaya v. Asher*, No. C14-807-RSL (W.D. Wash. 2014), and the Honorable Richard A. Jones, *see Garcia-Consuegra v. Asher*, No. C14-1366-RAJ (W.D. Wash. 2014).

removal in the reasonably foreseeable future.'" *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) ("*Diouf I*") (quoting *Zadvydas*, 533 U.S. at 701). Petitioner has not established that his detention is indefinite under *Zadvydas*.

Since *Zadvydas*, the Ninth Circuit has addressed the due process requirements for prolonged detentions—those which extend beyond six months but are not indefinite as defined in *Zadvydas*—in the context of § 1226(a) and § 1231(a). In *Casas-Castrillon v. Department of Homeland Security*, the court held that aliens detained under § 1226(a) for a prolonged period of time are entitled to receive a bond hearing and to obtain release on bond unless the government proves that they are a flight risk or a danger to the community. 535 F.3d 942, 951 (9th Cir. 2008). "Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,'" the Ninth Circuit concluded "that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with such a hearing." *Id.* (citation omitted, emphasis in original).

In *Diouf II*, the court extended these requirements to aliens detained under § 1231(a)(6), holding "that an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." 634 F.3d at 1082. Specifically, the court held that the government must provide a bond hearing before an IJ to aliens who are denied release in their six-month DHS custody reviews and whose release or removal is not imminent. *Id.* at 1091-92 ("When detention crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound. Furthermore, the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial."); *see also id.* at 1092 n.13 ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months.").

REPORT AND RECOMMENDATION - 5

Under *Diouf II*, petitioner here is entitled to a bond hearing before an IJ because his detention is governed by § 1231(a)(6), he has been detained for more than six months, and his removal or release is not imminent. *See id.* at 1082, 1091-92. Judge Robart came to the same conclusion in *Giron-Castro*. No. C14-867-JLR, Dkt. 22. Respondents nevertheless argue the Court should not "extend" *Diouf II* to petitioner because there are three major distinctions between Diouf and petitioner. Judge Robart, however, has previously rejected these arguments. *See Giron-Castro*, No. C14-867-JLR, Dkt. 22.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition, Dkt. 1, be GRANTED, and respondents' motion to dismiss, Dkt. 10, be DENIED. Within 14 days of the Order on the Report and Recommendation, an IJ should provide petitioner with an individualized bond hearing pursuant to *Diouf II*. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 24, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 26, 2014.**

//

//

//

//

1     This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

    DATED this 3rd day of December, 2014.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7